IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN ISMAEL GARCIA GUTLERREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-01092-JD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF DISMISSAL**

On February 8, 2024, the Court issued an Order [Doc. No. 6] requiring Plaintiff to show cause by Thursday, February 22, 2024, why he failed to timely respond to the Motion to Dismiss filed by Defendant United States of America [Doc. No. 5] and why he has failed to prosecute this action. The Court warned Plaintiff that failure to comply with the Court's Order would result in the dismissal of the action without prejudice. *See* [Doc. No. 6 at 2]. To date, Plaintiff has not complied with the Court's Order, nor has Plaintiff sought any extension of time to comply with the Court's Order or filed anything further in prosecution of this action.

Consequently, the Court DISMISSES Plaintiff's action WITHOUT PREJUDICE for failure to comply with the Court's Order and failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may sua sponte dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order

of court"); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (dismissal appropriate where party neglects their case or refuses to obey court orders); *see also* Fed. R. Civ. P. 41(b).[1]

IT IS SO ORDERED this 23rd day of February 2024.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)). The Tenth Circuit has "consistently interpreted Rule 41(b) 'to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute.'" *Huggins v. Supreme Ct. of the U.S.*, 480 F. App'x 915, 916–17 (10th Cir. 2012) (unpublished) (quoting *Olsen*, 333 F.3d at 1204 n.3); *see also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").